RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/3/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOSEPH F. ROTH III           CIVIL ACTION NO. 1:11-cv-02061

VERSUS

                            JUDGE DEE D. DRELL

CITY OF PINEVILLE, ET AL.      MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss (Doc. 4) filed by defendant, City of Pineville (the City), pursuant to Federal Rule of Civil Procedure 12(b)(6). The City seeks to have the claims against the Pineville Police Department dismissed from the lawsuit as the Pineville Police Department is not a juridical person capable of being sued.

As plaintiff, Joseph F. Roth III (Roth), has not filed an opposition to the motion and the deadline for doing so has passed, the matter, which was referred to me by the district judge for report and recommendation, is ripe for consideration.

## FACTUAL BACKGROUND

On November 30, 2011, Roth, filed suit against the Pineville Police Department and the City of Pineville. According to the facts set forth in his complaint Roth resided on Edgewood Drive in Pineville, Louisiana on November 30, 2010. On that date, Roth arrived home and was approached by several police officers of the Pineville Police Department who were acting within the course and

scope of their employment.

At some point during their encounter, an altercation ensued. The officers responded by using an objectively unreasonable amount of force to overcome Roth's resistance. As a result of this use of excessive force, Roth sustained personal injuries requiring hospitalization and medical intervention.

## LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action for "failure to state a claim upon which relief can be granted." In evaluating a Rule 12(b)(6) motion, the court must accept as true the well-pleaded facts in the plaintiff's complaint and must construe the facts in a light most favorable to the plaintiff. Arias-Benn v. State Farm Fire & Cas. Ins. Co., 495 F.3d 228, 230 (5th Cir. 2007). However, the Court need not "'accept as true conclusory allegations, unwarranted factual inference, or legal conclusions.'" Id., quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005). To survive a Rule 12(b)(6) motion, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion is a proper vehicle for seeking dismissal of claims for lack of procedural capacity to be sued.

Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999); Batiste v. Bonin, 06-1352, 2007 WL 1791219 (W.D.La. June 13, 2007).

Whether one possesses the capacity to be sued is determined by the law of the state in which the entity is located. Fed.R.Civ.P. 17(b). Accordingly, Louisiana law must be examined to determine whether or not the Pineville Police Department is capable of being sued.

Louisiana Civil Code article 24, states that there are two kinds of persons capable of being sued: natural persons and juridical persons. While a natural person is a human being, a juridical person is an entity to which the law attributes personality. Examples of juridical persons are corporations and partnerships.

An entity (or unit) within a municipality is "generally treated as separate and distinct public juridical person or corporation for certain purposes whether [it] are called that or not." Roberts v. Sewerage and Water Board of New Orleans, 634 So.2d 341, 346 (La.1994). However, as exceptions do exist, the Louisiana Supreme Court established an analysis to assist in deciding whether such an entity/unit may be considered a separate juridical person.

> [T]he determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unity for the particular purpose at issue. In absence of positive law

3

to the contrary, a local government unit may be deemed to be a juridical person separate and district from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

Id. at 346-347 (internal citations omitted).

Though there is no law stating whether the Pineville Police Department is or is not a juridical person, there is legal precedent which finds police departments of Lawrason Act[1] municipalities are not juridical persons subject to suit as they are dependent upon their municipalities in light of the governing structure set forth in the Lawrason Act. Steele v. Police Dept. Of Oakdale, 08-01947, 2010 WL 816177 (W.D.La. March 09, 2010); Doucet v. City of Bunkie, 04-1231-A, 2005 WL 2401893 (W.D.La. Sept. 28, 2005); Dugas v. City of Breaux Bridge Police Department, 757 So.2d 741 (La.App. 3 Cir. 2000).

The City of Pineville is a Lawrason Act municipality. Town of Pineville v. Vandersypen, 33 So.2d 56 (La. 1947); City of Pineville v. American Federation of State, County and Municipal Employees, 791 So.2d 609 (La. 2001 ). Thus, its police department is not a juridical person capable of being sued.

## CONCLUSION

IT IS RECOMMENDED that the motion to dismiss (Doc. 4) be

---

[1] In Louisiana, the Lawrason Act, La.R.S. 33:321, et seq., governs all municipalities "except those governed by special legislative charter or a home rule charter or plan of government adopted pursuant to Article VI of the Constitution of Louisiana." La.R.S. 33:321.

4

GRANTED and the Pineville Police Department be dismissed from suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 30 day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE