RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/7/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH F. ROTH III,<br>Plaintiff | CIVIL ACTION<br>NO. 1:11-CV-02061 |
| VERSUS | |
| POLICE DEPARTMENT OF<br>PINEVILLE, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, by plaintiff Joseph F. Roth III, on November 30, 2011. Roth also alleges a state law claim for battery. Roth alleges that, on November 30, 2010, while in his own driveway, he was approached by several City of Pineville police officers, an altercation ensued, and excessive force was intentionally used by the officers within the scope of their employment. Roth alleges that, as a result of the force used by the officers, he sustained personal injuries (three weeks in a coma) requiring hospitalization and medical intervention. For relief, Roth asks for monetary damages, costs, and interest.

The defendants answered the complaint (Doc. 5). Roth's action against the Pineville Police Department was dismissed (Doc. 12). The City of Pineville filed a motion for summary judgment supported by a statement of undisputed facts and documentary evidence (Doc. 19). Roth filed a brief in response to the motion supported by a statement of undisputed fact and an affidavit (Doc. 22), and the

City of Pineville filed a supplemental brief with affidavits (Doc. 30). The City of Pineville's motion for summary judgment is now before the court for disposition.

## Law and Analysis

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Heck Defense

The City of Pineville contends that, after the incident in which Roth claims excessive force was used, he was arrested, charged and convicted of "resisting an officer." The City of Pineville thus argues that Roth's excessive force claim tends to undermine the validity of the "underlying conviction" for resisting an officer and, therefore, should be dismissed without prejudice

pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct 2364 (1994).

When a claimant, either directly or indirectly, challenges the very fact of his physical confinement and seeks an immediate release or speedy release from confinement as relief, he must pursue his claims through application for writ of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973), and he must exhaust his state remedies, on pain of dismissal if he fails to do so. Boyd v. Biggers, 31 F.3d 279, 282 (5th Cir. 1994).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Rather than engrafting an exhaustion requirement on §1983, the Supreme Court has held the plaintiff has no cause of action under §1983, regardless of exhaustion, unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. A §1983 action for damages attributable to an unconstitutional conviction or sentence does not

accrue until the conviction or sentence has been invalidated. Boyd, 31 F.3d at 282, citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct 2364 (1994). Also, McGrew v. Texas Bd. of Pardons, 47 F.3d 158, 161 (5th Cir. 1995); Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).

The Fifth Circuit discussed application of Heck to excessive force claims[1] in Arnold v. Town of Slaughter, 100 Fed.Appx. 321, 323 (5th Cir. 2004):

> "How Heck applies to excessive force claims is not always clear. By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction. Other circuits have emphasized the conceptual difference between an excessive force claim and a challenge to a conviction. Both the Ninth and Third Circuits have indicated that an excessive force claim would not necessarily challenge a plaintiff's conviction for assault during a stop. The Fifth Circuit has recognized that certain convictions will prevent a plaintiff from bringing an excessive force claim. For example, we have held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct. We reached this holding after determining that Texas law permits an officer to use any force-even deadly force-to protect against an aggravated assault. Because any force was justified in response to an assault, a finding that the officers used excessive force would necessarily mean that the plaintiff had not committed aggravated assault. Id. And thus a judgment would call into question the plaintiff's conviction. Id.

---

[1] To state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was (3) objectively unreasonable. In gauging the objective reasonableness of the force used by a law enforcement officer, the court must balance the amount of force used against the need for that force. Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996).

> Likewise, we have also held that a Louisiana conviction for battery of an officer-a crime for which justification is an affirmative defense-prevents the plaintiff from suing for excessive force in connection with the incident. If the plaintiff proved his excessive force claim, he would essentially be proving that his battery was justified, which would undermine his conviction. As these cases show, the Heck determination depends on the nature of the offense and of the claim." (Citations omitted.)

In <u>Walker v. Munsell</u>, 281 Fed.Appx. 388, 390 (5th Cir. 2008), cert. den., 555 U.S. 1046, 129 S.Ct. 629 (2008), the Fifth Circuit further discussed how an excessive force claim may or may not necessarily invalidate a conviction for resisting arrest:

> "Appellant asserts that his civil rights claim can coexist with his conviction for resisting arrest, as he can show that he resisted a lawful arrest and that the officers used excessive force to effectuate that arrest. Appellant's claim, however, is not that the officers used excessive force after he stopped resisting or to stop his resistance; his claim is based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the Appellee officers for no reason. Thus, Appellant's suit 'squarely challenges the factual determination that underlies his conviction for resisting an officer,' and if he prevails, 'he will have established that his criminal conviction lacks any basis.'"

Although the Heck principle applies to § 1983 excessive force claims, the determination of whether such claims are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction. <u>Bush v. Strain</u>, 513 F.3d 492, 497 (5th Cir. 2008),

citing <u>Ballard v. Burton</u>, 444 F.3d 391 (5th Cir. 2006). Therefore, a Section 1983 claim does not necessarily imply the invalidity of a resisting arrest conviction and is not barred by <u>Heck</u> if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim. <u>Bush</u>, 513 F.3d at 498.

Roth argues that his civil rights claim can coexist with his conviction for resisting and officer. Roth contends he is not attacking the validity of his conviction for resisting an officer, but instead complains the officers beat him *after* he was restrained.

Roth resisted the officers by attempting to flee, and admitted he did so when he pleaded guilty to that offense; he is not claiming otherwise. Instead, Roth contends the officers who arrested him beat him on his head after he was restrained, thereby seriously injuring him. Roth states in his affidavit (Doc. 30, Ex.):

> "On the evening of November 30, 2010, officers of the Pineville Police Department arrived at my home and were attempting to place me under arrest when I attempted to flee. At this point, believe I had not sustained any injury other than having been tasered in the area of my right shoulder. During the course of fleeing the police officers I inadvertently ran into or was hit by a passing vehicle causing me to fall to the ground. It was while I was immobile, lying on the ground, that the officers began to beat me around the area of my head."

Therefore, according to Roth the excessive force occurred after he had stopped fleeing, and not during Roth's initial resistance to the officers.

Based on Roth's allegation that he was beaten after he was restrained, Roth's claim is not barred by Heck. Since Roth is not alleging that he was beaten by the officers while he was resisting the officers, Heck is inapplicable to the case at bar.

Roth's Affidavit

However, in its supplemental motion for summary judgment, the City of Pineville contends that Roth admitted in his deposition that some of the statements in his affidavit were not based on his own knowledge, but instead is based on what he has been told. The City further shows through affidavits that Roth was not, in fact, beaten by the officers after he became unconscious.

The disputed testimony concerns what occurred after Roth was struck by a vehicle and lying on the ground, unconscious. Roth contends the officers beat him on the head while he was unconscious. Roth bases that assertion on statements made to him by his son, who witnessed the incident (Doc. 30, Ex. p. 5/6). However, Roth's son, Joseph F. Roth IV, testified in a deposition that he did not actually see any police officer beat or touch his father after he was hit by the vehicle (Doc. 30, Ex. pp. 3/10, 5/10, 8/10). Roth's son testified that he thought the police had beaten his father because he misconstrued something he overheard his mother's boyfriend, Shannon Gill, say (Doc. 30, Ex. pp. 3/10-4/10, 6/10-7/10).

Shannon Gill testified in a deposition that, after Roth was

8

struck by the truck and lying on the road, the officers tried to get him stabilized until the ambulance arrived (Doc. 30, Ex.). Gill did not testify that the police beat Roth.

The City of Pineville contends that Roth's affidavit should not be considered because it is not based on Roth's personal knowledge, since Roth admitted he was unconscious when the officers allegedly beat him.

Roth submitted only a statement of material facts and his affidavit in opposition to the City's motion for summary judgment. The depositions submitted by the City, including Roth's own deposition, show that Roth's affidavit and statement of undisputed facts were based on a mistake of fact, and that Roth was not beaten by the officers after he was stuck by the truck. Therefore, Roth's allegation that he was beaten is incorrect. The evidence shows the officers did not use excessive force on Roth after he became unconscious.

Since Roth is only claiming the police used excessive force on him after he was rendered unconscious, and that allegation has been disproven, there is no genuine issue of material fact which would preclude a summary judgment in favor of the City of Pineville. Therefore, the City of Pineville's motion for summary judgment should be granted.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the

City of Pineville's motion for summary judgment (Docs. 19, 30) be GRANTED and that Roth's action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of March 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE